**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ASHLEY HICKEY,                                        Case #:

                          *Plaintiff,*                **VERIFIED COMPLAINT**

              - *against* -

SHARKNINJA OPERATING LLC,                   **PLAINTIFF DEMANDS**
                                                             **A TRIAL BY JURY**
                          *Defendants*.
------------------------------------------------------------X

Plaintiff, **ASHLEY HICKEY**, complaining of the Defendant, **SHARKNINJA OPERATING LLC**, by her attorneys, **DELL & DEAN, PLLC**, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.      At all times hereinafter mentioned, Plaintiffs, **ASHLEY HICKEY,** was and still is a resident of the State of New York, residing at 333 Route 94 South, Warwick, County of Orange, State of New York and a domicile of New York State.

2.      Upon information and belief, Defendant, **SHARKNINJA OPERATING LLC,** was and still is a foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Massachusetts and doing business in the State of New York.

3.      Upon information and belief, at all times herein mentioned, Defendant, **SHARKNINJA OPERATING LLC** is maintaining a principal place of business at 89 A Street, Needham, Massachusetts, created and organized under the law of the State of Delaware. Defendant is a resident of the State of Massachusetts.   Its sole member is SharkNinja Midco LLC, a Delaware limited liability company with its principle place of business in Massachusetts.

4.      That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

5. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

6. Venue is properly placed in the United States District Court for the Southern District of New York since the Plaintiff resides within that district, a substantial part of the tortious events and omissions giving rise to plaintiff's claim occurred in this district, including the accident in Carmel New York, and that district is the most convenient for this action to be tried.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF ASHLEY HICKEY

9. At all times hereinafter mentioned, Defendant **SHARKNINJA OPERATING LLC** committed a tortuous act within the State of New York.

10. That Defendant **SHARKNINJA OPERATING LLC,** regularly does, or solicits, business in the State of New York.   Moreover, Defendant **SHARKNINJA OPERATING LLC,** regularly does, or solicits, business in the State of New York.

11. That at all times herein mentioned the Defendant **SHARKNINJA OPERATING LLC,** was in the business of selling, manufacturing and distributing a Ninja Blender known as NutriNinja Pro BL 480D for the purpose of sale and use to the general public.

12. That the Defendant **SHARKNINJA OPERATING LLC,** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Ninja Blender known as NutriNinja Pro BL 480D.

13. That at all times herein mentioned, on August 3, 2022, and thereafter the Defendant, **SHARKNINJA OPERATING LLC,** manufactured, sold, distributed and delivered to various retailers the above mentioned product.

14. That on August 3, 2022, Plaintiff **ASHLEY HICKEY**, used said product of

Defendant in the manner intended and/or foreseeably intended, when the product caused injury to the Plaintiff, thereby causing severe and catastrophic personal injuries to Plaintiff.    More specifically, while in use, the blender cup shot up into plaintiff's face causing a fractured jaw, lacerations to the face requiring stitches, and other injuries.    As part of the accident, the blender's cup base fractured.    Below is a photograph of the broken base.



15.    That the Defendant **SHARKNINJA OPERATING LLC,** warranted said product was fit for the purpose for which it was intended.

16.    That the Defendant **SHARKNINJA OPERATING LLC,** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

17.    That the Defendant **SHARKNINJA OPERATING LLC,** impliedly warranted that the said product was of merchantable quality and was safe for use.

18.    That the Defendant **SHARKNINJA OPERATING LLC,** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain Ninja Blender known as NutriNinja Pro BL 480D which caused Plaintiff, **ASHLEY HICKEY**, to suffer severe and permanent personal injuries.

19.    That the Defendant **SHARKNINJA OPERATING LLC,** designed, created,

manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain Ninja Blender known as NutriNinja Pro BL 480D which caused Plaintiff, **ASHLEY HICKEY**, to suffer severe and permanent personal injuries because of its defective nature, including its improper size that endangered the life and limb of its users.

20. That relying upon said warranties, Plaintiff **ASHLEY HICKEY** proceeded to use the said product in accordance with its intended use.

21. That the Plaintiff **ASHLEY HICKEY** while using the product in accordance with its intended use was caused to suffer and sustain severe bodily injuries.

22. That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **ASHLEY HICKEY** contributing thereto.

23. That the aforesaid accident was caused solely and wholly by reason that Defendant **SHARKNINJA OPERATING LLC,** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied, including by creating an unreasonably dangerous and unsafe blender that included the black base holding the blades breaking and subsequently dislodging from the base with the blender cup being catapulted in the air into Plaintiff's face/chin.

24. That the carelessness and recklessness of the Defendant **SHARKNINJA OPERATING LLC,** in the design, creation, manufacture, testing, inspection, production, sales, distribution and selling of the aforesaid Ninja Blender known as NutriNinja Pro BL 480D; in creating a product which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing and distributing Ninja Blender known as NutriNinja Pro BL 480D which was unfit for its intended purposes and was dangerous and unsafe; in failing

to warn properly of the dangerous character and quality of the aforesaid Ninja Blender known as NutriNinja Pro BL 480D; in failing to warn of its proper use; in failing to properly test and inspect the product during the manufacturing process; in negligently and carelessly warranting, representing and advertising that the Ninja Blender known as NutriNinja Pro BL 480D was safe and free from danger when used in the customary and usual manner; in failing to give proper warnings and cautions; in failing to manufacture and placing into the stream of commerce a Ninja Blender known as NutriNinja Pro BL 480D which was not properly designed and manufactured; and Defendant, **SHARKNINJA OPERATING LLC,** was otherwise negligent in the operation, supervision and maintenance of said product.

25. That upon information and belief, the Ninja Blender known as NutriNinja Pro BL 480D in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it was too narrow and short; and it caused severe injuries while being used and the products were otherwise defective.

26. That Defendant **SHARKNINJA OPERATING LLC,** caused the product to have improper and defective material; to be improperly designed; to be improperly manufactured; to have improper and inadequate warnings or instructions; to not be safe for use for the purposes intended; to be inherently and/or unreasonably dangerous; to cause severe injuries while being used, and to be otherwise defective. The blender was defectively designed with no pressure relief built into the plastic cup. There is no pressure relief built in the cup other than unscrewing the lid. Furter, there are no indicators for pressure build-up except for resistance upon twisting the lid. The consumer lacks any obvious way to judge the danger of or the amount of pressure without handling the cup directly, thereby exposing the consumer to hazards. The blender was

defectively designed and manufactured in that its plastic cup could explosively separate form the blade base during the normal, directed use of the blender.    The locking mechanism of the blender cup was improperly designed.    The blender had improper warnings, including failing to warn that the blender could potentially explosive and/or that the cup could become ejected in a violent manner and/or to only use the blender for food items and/or failing to utilize a warning regarding possible lacerations.    The blender cup was improperly manufactured, including being manufactured such that the cup base fractured causing injury to plaintiff.    Further, the on-product warnings were also defective because they were issued in black-on-black material and the black-on-black warning violates good engineering/warning practice and ANSI Z535.4.

27.    Safer reasonable alternative designs were available that could have prevented the plaintiff's accident and/or the cup being violently propelled into plaintiff's face.    Examples of such design alternatives include, but are not limited to, designing the blender with pressure relief built into the plastic cup other than unscrewing the lid; design the blender with indicators for pressure build-up within the plastic cup. Alternatively, a cup with a heavier weight. Alternatively, cups utilizing fail-safe locking mechanisms.    Alternatively, the pressure can be limited by a blowout plug or small spring-loaded pressure relief valve similar to what has been used in pressure cookers for decades. Another method of design of a gasket housing with a notch or hole which would allow the gasket to deform and leak at a specific pressure. This method of pressure relief has also been used in pressure cookers for decades and would not affect the cost of the product if implemented at the design stage.

28.    That Plaintiff **ASHLEY HICKEY** was caused to sustain bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **SHARKNINJA OPERATING LLC,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing,

producing, distributing and maintaining the Ninja Blender known as NutriNinja Pro BL 480D for use by businesses and the general public; and in otherwise being careless and negligent

29.     Defendant, **SHARKNINJA OPERATING LLC'S** conduct was negligent, careless and reckless and beyond all standards of common decency so as to permit the recovery of punitive damages.

30.     That by reason of the foregoing, Plaintiff **ASHLEY HICKEY** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

31.     That by reason of the foregoing, the Defendant **SHARKNINJA OPERATING LLC,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

32.     That by reason of the foregoing Defendant, **SHARKNINJA OPERATING LLC,** is liable to the Plaintiff **ASHLEY HICKEY** under the doctrine of Strict Products Liability.

33.     That Plaintiff **ASHLEY HICKEY'S** strict product liability claims arise from violations of federal laws and regulations.

34.     That as a result of the foregoing, Plaintiff **ASHLEY HICKEY** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF ASHLEY HICKEY**

35. Plaintiff **ASHLEY HICKEY**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

36. That at all times hereinafter mentioned, the Defendant**, SHARKNINJA OPERATING LLC,** designed, manufactured and distributed the Ninja Blender known as NutriNinja Pro BL 480D in question, knowing and intending for it to be used by the public, including New York State.

37. That on August 3, 2022, the Plaintiff **ASHLEY HICKEY** was making use of the aforesaid Ninja Blender known as NutriNinja Pro BL 480D, in a manner which the Defendant, **SHARKNINJA OPERATING LLC,** knew and intended to be used and/or in a manner foreseeable by the Defendant.

38. That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **ASHLEY HICKEY**.

39. That on August 3, 2022, Plaintiff **ASHLEY HICKEY** used the product for the purpose and use normally intended.

40. That on August 3, 2022, while Plaintiff **ASHLEY HICKEY** was using the said product, which was without any warnings malfunctioned causing Plaintiff to suffer severe bodily injuries.

41. That upon information and belief, the Ninja Blender known as NutriNinja Pro BL 480D in question was defective in that, among other things, were made of improper and defective material; were improperly designed; were improperly manufactured; they failed to have adequate and proper warnings or instructions; were not safe to be used for the purposes intended; were inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

42. That on August 3, 2022, while Plaintiff **ASHLEY HICKEY** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **SHARKNINJA OPERATING LLC,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by the general public; and in otherwise being careless and negligent.

43. That by reason of the foregoing, the Defendant, **SHARKNINJA OPERATING LLC,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

44. That by reason of the foregoing Defendants are liable to the Plaintiff **ASHLEY HICKEY** under the doctrine of Strict Products Liability and pursuant to Section 402A - Restatement of Torts Second.

45. That by reason of the foregoing, Plaintiff **ASHLEY HICKEY** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF ASHLEY HICKEY**

46. Plaintiff **ASHLEY HICKEY** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

47. That Defendant, **SHARKNINJA OPERATING LLC,** their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid   Ninja Blender known as NutriNinja Pro BL 480D were safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and

assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

48.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Ninja Blender known as NutriNinja Pro BL 480D, the Defendant, **SHARKNINJA OPERATING LLC,** their agents, servants and/or employees knew that the Ninja Blender known as NutriNinja Pro BL 480D would be used and the users of said product would rely upon the expressed and implied warranties and representations that the said product was safe, proper, merchantable and fit for its intended uses and was free from any defects.

49.     That by reason of the foregoing, the Defendants**, SHARKNINJA OPERATING LLC,** violated and breached the aforementioned express and implied warranties and that the Ninja Blender known as NutriNinja Pro BL 480D was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

50.     That Plaintiff **ASHLEY HICKEY** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant**, SHARKNINJA OPERATING LLC,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

51.     That by reason of the foregoing, Plaintiff **ASHLEY HICKEY** has been damaged

in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **ASHLEY HICKEY,** demands judgment against the Defendant **SHARKNINJA OPERATING LLC** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:  Garden City, New York
        May 15, 2025

Yours, etc.

JOSEPH G. DELL (JD 7315)
DELL & DEAN, PLLC
Attorneys for Plaintiff
1225 Franklin Avenue, Suite 360
Garden City, New York 11530
(516) 880-9700