Scott D. Kaiser, (*Pro Hac Vice* Forthcoming)
skaiser@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550 | Fax: 816-421-5547

Joseph Iemma (NY Bar No. 5409792)
jiemma@shb.com
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
Tel: 212-989-8844 | Fax: 929-501-5455

Attorneys for Defendants,
SHARKNINJA OPERATING LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HICKEY,<br><br>Plaintiff,<br><br>-against-<br><br>SHARKNINJA OPERATING LLC,<br><br>Defendant. | Civil Case No. 7:25-cv-04102-CS<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Ashley Hickey ("Plaintiff") and Defendant SharkNinja Operating LLC ("SharkNinja") hereby request the Court enter the following Stipulated Protective Order ("Order"). The parties have not based this protective order on one of the Southern District of New York's model protective orders. Disclosure and discovery in this matter may involve production of confidential, commercial and/or proprietary documents and information. In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by SharkNinja, or by any party in this action, it is hereby **STIPULATED** and **ORDERED** that:

1. Documents or information to be produced or provided by SharkNinja or any party in this litigation that contain confidential, commercially sensitive, private personal information and/or

1

proprietary information may be designated as confidential by marking or placing the applicable notice "Confidential," on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2.  A party must exercise good faith in designating documents as "Confidential" and only designated documents as "Confidential" if the party reasonably believes the documents contain Confidential information deserving of privilege under the law.

3.  As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise). Further, the term shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

4.  Documents or information designated as "Confidential" in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

5.  If a receiving party disagrees with the "Confidential" designation of any document or information, the party will notify the designating party's counsel by email and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation. If the parties are unable to resolve the issue of confidentiality, the receiving Party will notify the Designating Party that a motion to the Court is necessary, and within 10 days of such notice, the Designating Party will apply to the Court for the first available hearing for the purpose of establishing that the challenged document(s) or information is/are confidential. Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status.

6.  "Confidential" Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to Paragraph 7 and shall be used only for

prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

7. "Confidential" Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Attorneys, paralegals and staff employed by Counsel of Record's firm and involved in the preparation and trial of this action;

    c. A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, printing, and copying;

    d. Experts retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert who is employed by a Competitor of SharkNinja (as defined below in Paragraph 8);

    e. The mediator and staff, the Court, the Court's staff, witnesses, and the jury in this case; and

8. With respect to documents designated as "Confidential," attorneys representing Plaintiff(s) and the experts retained by such attorneys, in other cases pending against SharkNinja involving blenders with claims that they are defective, provided no disclosure shall be made to any expert who is employed by a Competitor of SharkNinja. A Competitor of SharkNinja ("Competitor") shall be defined as any manufacturer or seller of blenders similar to the incident unit in this case.

9. The receiving party must make reasonable efforts to ensure the individuals described in Paragraphs 7(a), (b), (c), (d) and (e) above are Qualified Persons.

10. Before receiving access to any "Confidential" Document or the information contained therein, each person described in Paragraphs 7(c) and (d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. The receiving party shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in Paragraphs 7(c) and 7(d) above to whom Protected Documents have been disclosed, and (b) all Protected

Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for SharkNinja at the termination of this litigation or upon order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in Paragraph 7(d) above include privileged non-testifying expert consultants, the receiving party shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in Paragraphs 7(d) above to whom "Confidential" Documents have been disclosed, and (b) all "Confidential" Documents disclosed to such persons. In the event that SharkNinja (or the producing party) seeks to compel the production of each unredacted and executed Exhibit A for good cause, the receiving party shall submit each unredacted and executed Exhibit A and list to the Court for in camera inspection. Persons described in Paragraph 7(b) shall be covered under the signature of Counsel of Record.

11.    As the "Confidential" Documents may only be distributed to Qualified Persons, Qualified Persons may not post "Confidential" Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained SharkNinja's (or the producing party's) "Confidential" Documents and confidential information.

12.    To the extent that Confidential Documents or information obtained therefrom are used in the taking of depositions (including exhibits) or other pretrial testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Confidential Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is

received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential.

13. Any Party filing material designated as "Confidential," shall file or lodge such materials under seal and shall comply with Federal Rule of Civil Procedure 5.2.

14. With respect to documents designated as "Confidential" within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received "Confidential" Documents, including any documents that any such party disclosed to any person described in Paragraph 7(c) or (d) above, shall either (a) return to SharkNinja (or the producing party) the "Confidential" Documents; or (b) securely destroy the "Confidential" Documents and, upon Designating Party's written request, certify such destruction to SharkNinja (or the producing party) within one hundred and fifty (150) days after the conclusion of this case.

15. With respect to documents not designated as "Confidential," Counsel for the parties shall not be required to return the documents to SharkNinja after the conclusion of this case and may retain the documents pursuant to the law.

16. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17. The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

a. The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

d. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

e. If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that

document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

 f. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

 g. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding,

18. This Order does not change the protections afforded by law to the documents subject to the attorney-client or other privileges.

19. In the event that a party produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

 a. The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party. Within five (5) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

 b. If the receiving party disputes the designating party's claim of confidentiality, the designating party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order.

20. This Protective Order shall not apply to information that, prior to disclosure, is in the public domain or is general public knowledge other than by an act or omission of the Party or other subject to this Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

21. The parties specifically reserve the right to apply to the Court for the right to seek a modification of this Order.

22. This Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties or the Court. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

23. After termination of this litigation, the provisions of this Order shall continue to be binding.

24. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO STIPULATED.

Dated: ~~August 25~~ November 19, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: *Joseph Angelo Iemma*
JOSEPH A. IEMMA
SCOTT KAISER (*Pro Hac Vice* Forthcoming)

Attorneys for Defendant SHARKNINJA

Respectfully submitted,

Dated: November 19 ~~August 25~~, 2025

DELL & DEAN PLLC

By: *J Curtis*
JUSTIN S. CURTIS

Attorneys for Plaintiff ASHLEY HICKEY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 11/19/25                    *Cathy Seibel*
                                   United States District Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

1.  I have been provided with and have read the Protective Order entered by the Court governing the restricted use of Confidential Information in this legal action. I agree to be bound by the terms of the Protective Order.

2.  I admit that I am not an employee of a Competitor of the defendant(s), as defined in the Stipulated Protective Order, and I agree that I will not become an employee of a Competitor of the defendant(s) during the pendency of this action, including any possible appeal period, unless I first terminate my engagement as a consultant or designated expert in this action.

3.  I agree that I will not utilize any materials marked with the legends CONFIDENTIAL or CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER for any purpose other than this litigation. I further agree that I will not reveal the Confidential Information to, nor discuss the information or materials with, anyone except in accordance with the terms of the Protective Order.

4.  I agree that, at the termination of this litigation, I will return to the attorney providing confidential materials to me all materials marked with the legends CONFIDENTIAL or CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.

5.  I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Protective Order. I am aware that if I violate any of the provisions of the Protective Order, I am subject to punishment including a possible contempt citation by the Court.

Dated: _____

Name: _____

Signature: _____